IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| BRENDA WOODS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TOM WILLIAMS BMW f/k/a )<br>TOM WILLIAMS BMW PORSCHE )<br>AUDI, INC.; SAI IRONDALE )<br>IMPORTS, LLC; and )<br>BMW OF NORTH AMERICA, LLC, )<br>)<br>Defendants. ) | No. 18-1110-STA-egb |

---

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS
PLAINTIFF'S CLAIMS AGAINST DEFENDANT SAI IRONDALE, IMPORTS, LLC
FOR FAILURE TO PROSECUTE**

**ORDER DIRECTING PLAINTIFF TO COMPLETE SERVICE ON
DEFENDANT TOM WILLIAMS BMW**

---

Before the Court is Plaintiff Brenda Woods' response (ECF No. 12) to the Court's September 27, 2018 show cause order. The Court ordered Plaintiff to show cause as to why the Court should not dismiss her Complaint for failure to serve Defendants in a timely fashion. Federal Rule of Civil Procedure 4(m) requires a district court to dismiss an action without prejudice, "[i]f a defendant is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Plaintiff filed suit June 26, 2018. Rule 4(m)'s 90-day time limit for service on Defendants expired on September 24, 2018. In her response to the show cause order, Plaintiff argues that she served each Defendant on September 21, 2018, three days before Rule 4(m)'s 90-day time limit for service had run. In support of her argument, Plaintiff has filed returns for each

1

Defendant (ECF Nos. 9, 10, 11), showing that counsel sent summons and the Complaint to each Defendant's agent for service of process by means of certified mail on September 21, 2018.

Plaintiff's proof of service includes signed return receipts dated September 24, 2018, for BMW of North America, LLC and SAI Irondale Imports, LLC but not Tom Williams BMW. On October 15, 2018, 21 days from the date on which its registered agent for service of process accepted service of the summons and Complaint (September 24, 2018), Defendant BMW of North America, LLC filed its Answer to the Complaint (ECF No. 13) and corporate disclosures (ECF No. 14). Plaintiff's proof of service as to Tom Williams BMW (ECF No. 9) shows that Plaintiff sent summons by certified mail to Thomas P. Williams, the registered agent for Tom Williams BMW, at an address in Birmingham, Alabama.[1] The proof of service prepared by counsel for Plaintiff and signed under penalty of perjury on October 11, 2018, did not include a return receipt to show that the registered agent received and signed for the certified mail. Plaintiff's proof of service as to SAI Irondale Imports, LLC (ECF No. 10) shows that the certified mail was delivered to SAI Irondale Import's registered agent, CT Corporations System, in Montgomery, Alabama, and Laura McHaney signed the return receipt on September 24, 2018.[2]

Federal Rule of Civil Procedure 4(h) governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h); *Phoenix Process Equip. Co. v. Capital Equip.*

---

[1] The Complaint alleges that Tom Williams BMW f/k/a Tom Williams BMW Porsche Audi, Inc. is an Alabama corporation whose registered agent is Thomas P. Williams in Birmingham, Alabama. Compl. ¶ 2.

[2] According to the Complaint, SAI Irondale Imports, LLC is an Alabama limited liability company whose registered agent for service of process is CT Corporation System in Montgomery, Alabama. Compl. ¶ 3a.

*& Trading Corp.*, 250 F.Supp.3d 296, 306 (W.D. Ky. 2017). Rule 4(h) allows a plaintiff to serve a business organization within a judicial district of the United States in the same manner for serving an individual within a judicial district of the United States under Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). "To serve an individual defendant, a plaintiff may (among other methods) have the papers delivered to the individual personally, deliver them to the individual's agent for service of process, or follow state-law procedures for service of process," either the law of the state where the district court sits or the law of the state "where service is made." *Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017) (citing Fed. R. Civ. P. 4(e)).

The Court holds that without a signed return receipt, Plaintiff has yet to show that she has served Tom Williams BMW. The Federal Rules of Civil Procedure do not permit service on a business organization or its registered agent by certified mail. Plaintiff's service of process on Tom Williams BMW by certified mail will only be effective then if Plaintiff can show that she has complied with Tennessee law (because this Court sits in Tennessee) or with Alabama law (because Plaintiff served Defendant in the state of Alabama).[3] Based on the record before the Court, Plaintiff's service on this Defendant is incomplete, both as a matter of Tennessee law and Alabama law.

---

[3] The Tennessee Rules of Civil Procedure permit service by means of certified mail on the registered agent for a limited liability company outside of the state of Tennessee. Tennessee Rule of Civil Procedure 4.05(1) cross references Rule 4.04 and allows service on a defendant or a specified agent of the defendant outside of the state of Tennessee by any of the same means provided for service on a defendant inside the state under Rule 4.04, so long as Tennessee law otherwise allows for service outside of the state. Tenn. R. Civ. P. 4.05(1). Tennessee Rule 4.04(10) permits service by means of certified mail on a defendant, including a limited liability company, and sets out the correct procedures for proving service by certified mail. Tenn. R. Civ. P. 4.04(3) & (10).

Under Tennessee Rule of Civil Procedure 4.03(2), service by certified mail is not complete until the party served has signed the return receipt, and the plaintiff has filed the return receipt with the court issuing the summons. Tenn. R. Civ. P. 4.03(2). Likewise, the Alabama Rules of Civil Procedure permit service on a corporation by certified mail and explain that service by certified mail is "deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C).[4] In other words, without proof of a signed return receipt, Plaintiff has not shown that she has completed service on Tom Williams BMW in accordance with Alabama law. Until Plaintiff has filed the signed return receipt from Defendant Tom Williams BMW's registered agent, Plaintiff has not yet carried her burden to show that she has served this Defendant in satisfaction of Rule 4(m).

In order to ensure the orderly progress of the case, the Court hereby orders as follows. Concerning Defendant SAI Irondale Imports, LLC, Plaintiff is ordered to show cause as to why the Court should not dismiss her claims against this Defendant. To date, SAI Irondale Imports, LLC has not filed a responsive pleading or otherwise appeared to defend against Plaintiff's claims in this action. The time for SAI Irondale Imports, LLC to file its answer has now expired, and Plaintiff has not taken any additional steps to prosecute her claims against SAI Irondale Imports, LLC. Plaintiff should show cause then as to why the Court should not dismiss her

---

[4] It is not clear to the Court that Plaintiff's attempt to serve Tom Williams BMW by certified mail complied with other technical requirements of the Alabama Rules of Civil Procedure. Alabama permits either the clerk of court or a party or the party's attorney to initiate service by certified mail. Where a party's attorney attempts service by certified mail, the attorney must address the return receipt in such a way that it comes back to the clerk of court issuing the summons. Ala. R. Civ. P. 4(i)(2)(B)(ii). And upon mailing the summons and complaint, the attorney must also file an affidavit certifying that counsel has sent the summons and complaint by certified mail. *Id.* There is no evidence to show that counsel for Plaintiff

claims against SAI Irondale Imports, LLC, for failure to prosecute under Federal Rule of Civil Procedure 41(b). Plaintiff's show cause response is due within fourteen (14) days of the entry of this order. Failure to respond and take appropriate action within that time may result in the dismissal of Plaintiff's claims against SAI Irondale Imports, LLC, without further notice.

Concerning Defendant Tom Williams BMW, the Court will give Plaintiff fourteen (14) days more in which to complete service and file appropriate proof of service on the record. Plaintiff is cautioned that the failure to serve this Defendant and furnish timely proof of service may result in the dismissal without prejudice of her claims against this Defendant under Rule 4(m) without further notice.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 24, 2018

---

complied with either of these requirements.