# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION AT JACKSON

| | | |
|---|---|---|
| BRENDA WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-cv-01110-STA-jay |
| | ) | |
| v. | ) | Judge Anderson |
| | ) | |
| TOM WILLIAMS BMW f/k/a TOM | ) | Magistrate Judge York |
| WILLIAMS BMW PORSCHE AUDI, | ) | |
| INC., SAI IRONDALE IMPORTS, LLC, | ) | JURY DEMAND |
| and BMW OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## BMW OF NORTH AMERICA, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

BMW of North America, LLC ("BMW NA"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits its Responses and Objections to Plaintiff's First Set of Interrogatories.

### PRELIMINARY STATEMENT

BMW NA has not yet completed its investigation of the facts related to this litigation. Consequently, these responses are based only on the information and documentation of which BMW NA is presently aware. It is anticipated that further investigation, research and analysis will supply additional facts and documents or add meaning to known facts, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, the following responses are made based on the information reasonably available to BMW NA as of the date of these responses. BMW NA reserves the right to supplement these responses upon the discovery

# Exhibit 1

1

of additional information or to the extent Plaintiff asserts, clarifies, modifies or otherwise develops additional defect theories in this lawsuit.

This case involves a 2010 BMW 528i, VIN WBANU5C57AC127999 (the "Vehicle"). BMW NA did not design or manufacture the Vehicle. Rather, Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") designed and manufactured the Vehicle in Germany. BMW NA imported the Vehicle and distributed it to an independent BMW automobile dealer. Accordingly, BMW NA can only respond to these interrogatories within its particular areas of responsibility.

BMW NA's responses are made without waiving, in any respect, the (1) right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent stage or proceeding in this action or any other action, and (2) the right to object on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these responses.

## INSTRUCTIONS

1.   Each interrogatory is to be responded to pursuant to the instructions and definitions contained herein.

**OBJECTION:**   BMW NA has separately set forth its objections to Plaintiff's instructions, introduction and definitions.

2.   Each response is to be set forth immediately above the answer or objection to the interrogatory.

3.   The request to which the documents produced are responsive shall be designated.

**OBJECTION:** BMW NA objects to this instruction to the extent that it seeks to convert interrogatories into requests for production. Plaintiff has concurrently served BMW NA with 50 separate requests for production.

4. No specific document request or listing of documents contained in a document request shall be construed or understood as limiting any other document request or the general language in the same request.

**OBJECTION:** BMW NA objects to this instruction to the extent that it seeks to convert interrogatories into requests for production. Plaintiff has concurrently served BMW NA with 50 separate requests for production.

5. If any requested document is alleged to be privileged or otherwise protected from discovery, you are required to state the following with regard to each document:

(a) Its author,

(b) The date of its creation,

(c) Its addresses,

(d) Its general nature and subject matter, and

(e) The basis upon which it is claimed to be privileged or otherwise protected from discovery.

**OBJECTION:** BMW NA objects to this instruction to the extent that it seeks to convert interrogatories into requests for production. Plaintiff has concurrently served BMW NA with 50 separate requests for production. BMW NA will comply with the applicable rules and court orders governing privileged documents. BMW NA objects to producing a privilege log for documents created solely in the course of BMW NA's defense of this action.

6. The request for production of documents shall be continuing, and you are required to supplement your response to this request for production of documents by immediately producing for inspection and copying any requested document that comes into your possession or subject to your custody or control subsequent to the date of this request.

**OBJECTION:** BMW NA objects to this instruction to the extent that it seeks to convert interrogatories into requests for production. Plaintiff has concurrently served BMW NA with 50 separate requests for production. BMW NA objects to this instruction to the extent that it seeks to expand what is required of BMW NA by the Federal Rules of Civil Procedure, Local Rules of Court or this Court's orders. BMW NA will comply with the applicable rules and court orders governing supplementation of discovery responses.

### INTRODUCTION AND DEFINITIONS

a. Each discovery request seeks all information available to Defendant, their attorney or agents, and any other persons acting on his behalf.

**OBJECTION:** BMW NA objects to this "introduction" to the extent that Plaintiff seeks to compel BMW NA to respond on behalf of entities or persons other than itself, or on behalf of agents or employees of other entities. Accordingly, BMW NA's counsel construes these requests to only refer to BMW NA, and BMW NA makes these responses solely on behalf of BMW NA. In addition, this "introduction" appears to seek the work product of BMW NA's attorneys, which is immune from discovery.

b. As used herein, the terms "defendant," "you," or "your" mean, without limitation, the Defendant and Defendant's attorneys, agents and representatives. To avoid confusion in responses, Defendant should specify when the answers are made by them and/or their attorneys or agents.

**OBJECTION:** BMW NA objects to this definition to the extent that Plaintiff seeks to compel BMW NA to respond on behalf of entities or persons other than itself, or on behalf of agents or employees of other entities. Accordingly, BMW NA's counsel construes these requests to only refer to BMW NA, and BMW NA makes these responses solely on behalf of BMW NA. In addition, this definition appears to seek the work product of BMW NA's attorneys, which is immune from discovery.

c.   As used herein, "person" means a firm, partnership, corporation, proprietorship, association, governmental body, natural person or any organization or entity.

**OBJECTION:** BMW NA objects to this definition to the extent that Plaintiff seeks to compel BMW NA to respond on behalf of entities or persons other than itself, or on behalf of agents or employees of other entities. Accordingly, BMW NA's counsel construes these requests to only refer to BMW NA, and BMW NA makes these responses solely on behalf of BMW NA.

d.   As used herein, "document" or "record" is used in its broadest sense to mean every writing or recording of every type described in Rule 1001 of the Federal Rules of Evidence.

e.   When used herein in conjunction with the term "document", the term "identify" means to state:

(1)   the documents's [*sic*] title and subject matter;

(2)   its date;

(3)   the author[s] and person[s] who signed the documents;

(4)   its sender[s]

(5)   its recipient[s]; and

(6)   its location and present custodian.

In the case of a document that was, but is no longer in possession, custody or control of Defendant or their agents, state what disposition was made of it, why, when and by whom.

**OBJECTION:** BMW NA objects to doing anything other than what is required by Fed. R. Civ. P. 33 and 34. Any production of documents will be made in a format which permits Bates numbering for future control and evidentiary purposes, and which also permits marking for case identification and confidentiality protection purposes. Any such documents will be produced in a format that prevents them from being altered after production.

f.   "Date" means the exact date, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events.)

g.   All information and documents as to which Defendant claims privilege or statutory authority as a ground for nondisclosure shall be identified by date, title, type of document (*e.g.* memorandum, report, chart, *etc.*) subject matter (without revealing the information as to which privilege or statutory authority is claimed) and the factual and legal basis for the claimed privilege or specific statutory authority which provided the claimed ground for non-disclosure.

**OBJECTION:** BMW NA will comply with the Federal Rules of Civil Procedure, Local Rules of Court and this Court's orders regarding privileged documents. BMW NA objects to producing a privilege log for materials generated solely in the course of BMW NA's defense of this action under the attorney-client privilege and attorney work product doctrine.

h.   When used in conjunction with the term "person" or "all persons with knowledge", the term "identify" means to state:

(1)   each person's full name;

(2)   business and residence address; and

(3)   business and residence telephone numbers.

**OBJECTION:** BMW NA objects to this definition to the extent that it seeks to impose requirements beyond that required by the Federal Rules of Civil Procedure.

i.   To avoid discovery disputes which may delay the progress of this litigation and/or require additional intervention, counsel for Defendant is request to contact counsel for Plaintiff prior to responding to this discovery requests so that any question as to the meaning, scope or propriety of a request for information or records can be clarified or resolved before responding to the discovery, and so that Plaintiff's counsel may limit, restrict or rephrase any request as to which Defendant's counsel has objection so to obviate the objection.

**OBJECTION:** BMW NA objects to this paragraph as it is neither an introduction nor a definition. BMW NA intends to respond to these interrogatories in compliance with the Federal Rules of Civil Procedure, Local Rules of Court and this Court's orders.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If Defendant BMW of North America, LLC. [*sic*] has been a party to any other civil lawsuit, in the past ten (10) years, please state the style of the lawsuit or complaint, the forum in which the case was brought, the date of the complaint, the name and address of any attorney who represented you in connection with any lawsuit, and the disposition of the lawsuit.

**RESPONSE NO. 1:** BMW NA objects. This interrogatory is not limited in scope in any meaningful way, and it would encompass litigation of every sort, *e.g.*, employment claims, commercial disputes, slip-and-falls, and the like. Thus, BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 2:** State the name and address of each person having knowledge of any relevant facts. Indicate which individuals, if any, were eyewitnesses.

**PLEASE TAKE NOTICE THAT THIS PARTY WILL OBJECT TO ANY PERSON TESTIFYING AT TRIAL ON YOUR BEHALF WHO IS NOT LISTED IN THE ANSWER TO THIS INTERROGATORY AND/OR IS NOT PROPERLY IDENTIFIED PURSUANT TO RULE 26 AND THE SCHEDULING ORDER.**

**RESPONSE NO. 2:** Because discovery is in its early stages and BMW NA has not yet completed its investigation of the subject incident, BMW NA has discovered only a limited amount of information about this case. Consequently, BMW NA reserves the right to supplement this response as discovery and its investigation continues. BMW NA is currently aware of the following persons who may possess discoverable information concerning the circumstances surrounding the incident, the Vehicle involved in the incident in this case, and the nature of Plaintiff's injuries:

> Plaintiff Brenda Woods (an eyewitness)
> 728 Fern Street
> Bolivar, Tennessee 38008
>
> Roderick Blaylock (believed to be an eyewitness)
> Pleasant Grove Missionary Baptist Church
> 524 State Route 57
> Grand Junction, Tennessee 38039
>
> Anthony Jones
> A'J Garage
> 629 Morgan Street
> Bolivar, Tennessee 38008
>
> Mark Harper, D.D.S.
> Elite Dental Care
> 47 Northstar Drive
> Jackson, Tennessee 38305
>
> Current or former employees of

Alpine Autoworks, Inc.
1986 Fletcher Creek Road
Memphis, Tennessee 38133

Current or former employees of
Roadshow BMW/Mini
405 N. Germantown Parkway
Cordova, Tennessee 38018

Current or former employees of
Nationwide Affinity Insurance Company of America
One Nationwide Gateway
Des Moines, Iowa 50391

Current or former employees of
Nationwide Affinity Insurance Company of America
Fire/Theft Division
1000 Yard Street, Building H
Grandview, Ohio 43212

Current or former employees of
West Memphis Motors
270 East James Mill Road
Crawfordsville, Arkansas 72327

Current or former employees of
Copart Auto Auctions
Post Office Box 18902
Memphis, Tennessee 38181

Current or former employees of
Oakland Tire and Service Center
15 Pierce Street
Oakland, Tennessee 38060

Amy McDaniel
5390 Hidden Meadows Drive
Arlington, Tennessee 38002

Current or former employees of
Tom Williams BMW
1000 Tom Williams Way
Irondale, Alabama 35210
(800) 550-3865

Mike Donahoe

BMW of North America, LLC
c/o Counsel for BMW of North America, LLC

Roshad Petteway
BMW of North America, LLC
c/o Counsel for BMW of North America, LLC

**INTERROGATORY NO. 3:** Please identify any expert witness which the Defendant bmw [*sic*] of North America, LLC. [*sic*] intends to call at trial.

**RESPONSE NO. 3:** BMW NA responds it has not yet determined whether it will call an expert witness(es) to testify at trial. Should it decide to call an expert witness(es) to testify at trial, BMW NA will disclose its expert(s)' opinions in accordance with the Federal Rules of Civil Procedure and the Scheduling Order entered in this action.

**INTERROGATORY NO. 4:** Please list each and every lawsuit that has been filed against Defendant BMW of North America, LLC since 2010 which involved an incident of an engine fire occurring in a BMW vehicle. In so doing, please state the court in which the action was filed, the caption of the case, and the disposition of the case.

**RESPONSE NO. 4:** BMW NA objects. This interrogatory is not limited in scope by vehicle or nature of the alleged "engine fire." Plaintiff's case involves a 2010 BMW 528i with a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley. BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 5:** Please list each and every lawsuit that has been filed against Defendant BMW of North America, LLC since 2010 which involved an incident of an engine fire occurring in a 2010 BMW 528i Sedan. In so doing, please state the court in which the action was filed, the caption of the case, and the disposition of the case.

**RESPONSE NO. 5:** BMW NA objects. This interrogatory is not limited in scope by the nature of the alleged "engine fire." Plaintiff's case involves a 2010 BMW 528i with a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley. BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 6:** Please state with particularity why Defendant BMW of North America, LLC denied the claim for the engine fire for her 2010 BMW 528i was denied.

**RESPONSE NO. 6:** As stated in Roshad Petteway's letter of August 8, 2017, because the Vehicle's Certified Pre-Owned warranty coverage expired July 31, 2015, BMW NA could not accept responsibility for any damage or loss associated with the incident that occurred on or about June 26, 2017.

**INTERROGATORY NO. 7:** Please state with particularity what Defendant BMW of North America, LLC considers as the cause of the engine fire in Brenda Woods 2010 BMW 528i.

**RESPONSE NO. 7:** As stated in Roshad Petteway's letter of August 8, 2017, the specific cause and origin appears to be a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley

**INTERROGATORY NO. 8:** Please state with particularity how Defendant BMW came to the conclusions that are stated in Interrogatory No. 7. In so doing, please identify any records or reports that were used in coming to this conclusion.

**RESPONSE NO. 8:** As stated in Roshad Petteway's letter of August 8, 2017, a non-destructive inspection of the vehicle was conducted on July 13, 2017, at Roadshow BMW in Cordova, Tennessee. That inspection found localized damage in the vicinity of the alternator

pulley, a broken alternator belt and a seized alternator. A copy of the internal Field Report, dated July 13, 2017, will be produced as BMWNA0307, subject to a stipulated protective order. Photographs taken during the course of that inspection will be produced as BMWNA0404-0440.

**INTERROGATORY NO. 9:** Please state with particularity why Defendant BMW of North America, LLC issued the recall notice for the 2010 BMW 528i PCV Valve heater.

**RESPONSE NO. 9:** Without waiving the objections that follow this response, the blow-by-heater which is designed to prevent the engine's Positive Crankcase Ventilation (PCV) system from freezing can internally short circuit. Irregularities in the manufacturing process could allow moisture to occur near the blow-by-heater and lead to the short circuit. BMW NA neither designed nor manufactured the 2010 BMW 528i, but BMW NA was responsible for communications with the National Highway Traffic Safety Administration (NHTSA) and customers in the United States concerning NHTSA Recall No. 17V-683.

BMW NA objects to this interrogatory on the grounds that none of the inspections of the engine compartment of Ms. Woods' 2010 BMW 528i following her incident have found that the PCV heater was damaged. To the contrary, all of the inspections have found that the seized alternator was the cause of the broken alternator belt and localized heat damage in the vicinity of the alternator pulley. Thus, BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 10:** Please state with particularity the consequence of the PCV Valve heater overheating in the 2010 BMW 528i.

**RESPONSE NO. 10:** Without waiving the objections that follow this response, over time the blow-by-heater could deteriorate and could lead to overheating and the possibility of

melting. This could lead to a fire. There is no evidence that this condition occurred in Ms. Woods' 2010 BMW 528i.

BMW NA objects to this interrogatory on the grounds that none of the inspections of the engine compartment of Ms. Woods' 2010 BMW 528i following her incident have found that the PCV heater was damaged. To the contrary, all of the inspections have found that the seized alternator was the cause of the broken alternator belt and localized heat damage in the vicinity of the alternator pulley. Thus, BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 11:** Please state with particularity why Defendant BMW of North America, LLC would exclude the PCV Valve heater from causing the engine fire in Brenda Woods 2010 BMW 528i.

**RESPONSE NO. 11:** Without waiving the objections that follow this response, none of the inspections of the engine compartment of Ms. Woods' 2010 BMW 528i following her incident have found that the PCV heater was damaged. To the contrary, all of the inspections have found that the seized alternator was the cause of the broken alternator belt and localized heat damage in the vicinity of the alternator pulley. Thus, BMW NA objects to this interrogatory on the grounds that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.

**INTERROGATORY NO. 12:** Please identify each and every incident of an engine fire in a 2010 BMW 528i in which Defendant BMW of North America, LLC was aware prior to the incident that is the subject of this lawsuit. In so doing, please identify the manner in which BMW of North America, LLC was notified and any records in its possession concerning said incident.

**RESPONSE NO. 12:**   BMW NA objects.   This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley.   This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fire[s]".   The term "engine fire" encompasses many types of concerns totally unrelated to Plaintiff's claims in this case.   Thus, BMW NA objects to this interrogatory on the ground that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.   This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i.   Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 13:**   Please identify each and every incident of an engine fire in a 2010 BMW 528i in which Defendant BMW of North America, LLC was aware after the incident that is the subject of this lawsuit. In so doing, please identify the manner in which BMW of North America, LLC was notified and any records in its possession concerning said incident.

**RESPONSE NO. 13:**   BMW NA objects.   This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley.   This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fire[s]".   The term "engine fire" encompasses many types of concerns totally unrelated to Plaintiff's claims in this case.   Thus, BMW NA objects to this interrogatory on the ground that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.   This interrogatory also calls for information that is irrelevant because it seeks information about incidents that occurred after the

initial retail sale of Ms. Woods' 2010 BMW 528i. Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 14:** Please identify any and all claims which Defendant BMW of North America, LLC has received concerning engine fires in 2010 BMW 528is. In so doing, please state if the claim was in writing or in some other form.

**RESPONSE NO. 14:** BMW NA objects. This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley. This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fires." The term "engine fires" encompasses many types of concerns totally unrelated to Plaintiff's claims in this case. Thus, BMW NA objects to this interrogatory on the ground that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case. This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i. Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 15:** Please identify any and all investigations concerned to claims identified in Interrogatory No. 14. In so doing, please state if there are records pertaining to identified investigations.

**RESPONSE NO. 15:** BMW NA objects. *See* BMW NA's response to Interrogatory No. 14.

**INTERROGATORY NO. 16:** Please identify any and all claims which Defendant BMW of North America, LLC denied concerning engine fires in 2010 BMW 528is. In so doing, please state if the claim was in writing or in some other form.

**RESPONSE NO. 16:**   BMW NA objects.   This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley.   This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fires."  The term "engine fires" encompasses many types of concerns totally unrelated to Plaintiff's claims in this case.   Thus, BMW NA objects to this interrogatory on the ground that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.   This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i.   Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 17:**   Please identify any and all investigations concerned to claims identified in Interrogatory No. 16. In so doing, please state if there are records pertaining to identified investigations.

**RESPONSE NO. 17:**   BMW NA objects.   *See* BMW NA's response to Interrogatory No. 16.

**INTERROGATORY NO. 18:**   Please identify any and all claims which Defendant BMW of North America, LLC accepted liability concerning engine fires in 2010 BMW 528is. In so doing, please state if the claim was in writing or in some other form.

**RESPONSE NO. 18:**   BMW NA objects.   This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley.   This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fires."   The term "engine fires" encompasses many types of concerns totally unrelated to Plaintiff's claims in this case.   Thus, BMW NA objects to this interrogatory on the grounds that it

calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case. This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i. Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 19:** Please identify any and all investigations concerned to claims identified in Interrogatory No. 18. In so doing, please state if there are records pertaining to identified investigations.

**RESPONSE NO. 19:** BMW NA objects. *See* BMW NA's response to Interrogatory No. 18.

**INTERROGATORY NO. 20:** Please state with particularity what function the PCV Valve heater does in the operation of a 2010 BMW 528i.

**RESPONSE NO. 20:** Without waiving the objections that follow this response, the blow-by-heater is designed to prevent the engine's positive crankcase ventilation (PCV) system from freezing in cold ambient temperatures.

BMW NA objects to this interrogatory on the grounds that it is irrelevant to the claims and defenses in this action in that no one who inspected Ms. Woods' 2010 BMW 528i following her incident has found that the PCV blow-by-heater caused or contributed to the seized alternator in her vehicle.

**INTERROGATORY NO. 21:** Please state with particularity the proximity of the PCV Valve heater to the alternator on the 2010 BMW 528i.

**RESPONSE NO. 21:**  Without waiving the objections that follow this response, the PCV blow-by-heater is at its closest point located approximately 20 inches from the alternator on the 2010 BMW 528i.

BMW NA objects to this interrogatory on the grounds that it is irrelevant to the claims and defenses in this action in that no one who inspected Ms. Woods' 2010 BMW 528i following her incident has found that the PCV blow-by-heater caused or contributed to the seized alternator in her vehicle.

**INTERROGATORY NO. 22:**  Please state with particularity how the PVC [*sic*] Valve heater operates in relation to the alternator on the 2010 BMW 528i.

**RESPONSE NO. 22:**  Without waiving the objections that follow this response, the PCV blow-by-heater has nothing to do with the alternator on Ms. Woods' 2010 BMW 528i.  The PCV blow-by-heater is designed to prevent the engine's PCV system from freezing in cold ambient temperatures.  The alternator is part of the vehicle's electrical charging system.

BMW NA objects to this interrogatory on the grounds that it is irrelevant to the claims and defenses in this action in that no one who inspected Ms. Woods' 2010 BMW 528i following her incident has found that the PCV blow-by-heater caused or contributed to the seized alternator in her vehicle.

**INTERROGATORY NO. 23:**  Please state with particularity what happens when the recalled PCV Valve heater overheats on the 2010 BMW 528i.

**RESPONSE NO. 23:**  Without waiving the objections that follow this response, the blow-by-heater which is designed to prevent the engine's PCV system from freezing in cold ambient temperatures can internally short circuit.  Irregularities in the manufacturing process could allow moisture to occur near the blow-by-heater and lead to a short circuit.  Over time the

blow-by-heater could deteriorate, and this deterioration could lead to overheating and the possibility of melting, increasing the risk of a fire.  There is no evidence that this condition occurred in Ms. Woods' 2010 BMW 528i.

BMW NA objects to this interrogatory on the grounds that it is irrelevant to the claims and defenses in this action in that no one who inspected Ms. Woods' 2010 BMW 528i following her incident has found that the PCV blow-by-heater caused or contributed to the seized alternator in her vehicle.

**INTERROGATORY NO. 24:**  Please list each and every known cause for an engine fire occurring in the 2010 BMW 528i since the date of manufacture that is known to Defendant BMW of North America, LLC. In so doing, please state what reports and records are in possession of Defendant BMW of North America, LLC concerning said engine fires.

**RESPONSE NO. 24:**   BMW NA objects.  This action involves a seized alternator resulting in a broken alternator belt and localized heat damage in the vicinity of the alternator pulley.  This interrogatory is not limited by the nature of the cause or origin of the alleged "engine fires," but it seeks "each and every known cause for an engine fire."  BMW NA, therefore, objects to this interrogatory on the ground that it calls for information that is irrelevant, is unduly burdensome and overly broad, and would impose burdens that are not proportional to the needs of the case.  This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i. Tennessee law imposes no post-sale duties on product manufacturers or sellers.

**INTERROGATORY NO. 25:**  Please state each and every instance to which Defendant BMW of North America, LLC is aware of a PCV Valve heater overheating in the 2010 BMW

528i. In so doing, please state what reports and records are in possession of Defendant BMW of North America, LLC concerning said incidents.

**RESPONSE NO. 25**:   BMW NA objects to this interrogatory on the grounds that it is irrelevant to the claims and defenses in this action in that no one who inspected Ms. Woods' 2010 BMW 528i following her incident has found that the PCV blow-by-heater caused or contributed to the seized alternator in her vehicle.   This interrogatory also calls for information that is irrelevant insofar as it seeks information about incidents that occurred after the initial retail sale of Ms. Woods' 2010 BMW 528i.   Tennessee law imposes no post-sale duties on product manufacturers or sellers.

DATED this 20th day of March, 2019.

Respectfully submitted,

LEWIS, THOMASON
KING, KRIEG & WALDROP, P.C.

By: _____
J. Randolph Bibb, Jr., B.P.R. No. 009350
Ryan N. Clark, B.P.R. No. 029105
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rbibb@lewisthomason.com

*Attorneys for Defendant*
*BMW of North America, LLC*

**VERIFICATION**

*Woods v. BMW of North America, LLC, et al.*

Civil Action No. 1:18-cv-01110-STA-egb

I, Mark Yeldham, swear and affirm that I am duly authorized to make this verification on behalf of BMW of North America, LLC, that I have read BMW of North America, LLC's Responses to Plaintiff's First Set of Interrogatories, and that the facts stated therein are based upon the composite knowledge of agents and employees of BMW of North America, LLC, and are true and correct to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 3/13/2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Responses to Interrogatories has been served upon the counsel for the parties by United States Mail with sufficient postage thereon to carry the same to its destination.

Paul Forrest Craig, Esq.
B.P.R. No. 018359
2400 Poplar Ave., Ste. 210
Memphis, Tennessee 38112
(901) 526-7837 (telephone)
(901) 526-0234 (facsimile)
pfcraig@bellsouth.net

*Attorneys for Plaintiff*

Nader Baydoun, Esq.
B.P.R. No. 003077
Stephen C. Knight, Esq.
B.P.R. No. 015514
Baydoun & Knight, PLLC
5141 Virginia Way, Suite 210
Brentwood, Tennessee 37027
(615) 256-7788 (telephone)
(615) 256-6611 (facsimile)
nbaydoun@baydoun.com
sknight@baydoun.com

*Attorneys for Defendants*
*Tom Williams BMW f/k/a*
*Tom Williams BMW Porsche Audi, Inc.,*
*and SAI Irondale Imports, LLC*

Dated this 20th day of March, 2019.

J. Randolph Bibb, Jr.