## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-cv-1110-STA-jay |
| | ) | |
| TOM WILLIAMS BMW f/k/a | ) | |
| TOM WILLIAMS BMW PORSCHE | ) | |
| AUDI, INC.; SAI IRONDALE | ) | |
| IMPORTS, LLC; and | ) | |
| BMW OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant SAI Irondale Imports, LLC's Motion for Judgment on the Pleadings (ECF No. 34) filed on April 8, 2019. Defendant seeks judgment as a matter of law on the Tennessee products liability claims against it pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Local Rule 12.1 gives a non-moving party 28 days in which to respond to a motion made under Federal Rule of Civil Procedure 12(b) or 12(c). Based on the 28-day deadline set by the Local Rules, Plaintiff Brenda Woods had until May 6, 2019, in which to respond to Defendant's Motion. Plaintiff failed to respond by that deadline and has not responded to date. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed suit on June 26, 2018, alleging products liability claims against Defendants Tom Williams BMW f/k/a Tom Williams BMW Porsche Audi, Inc.; SAI Irondale Imports, LLC; and BMW of North America, LLC. According to her Complaint, Plaintiff purchased a 2010 BMW 528i sedan from Tom Williams BMW and SAI Irondale Imports, LLC on August 5, 2015. Compl.

¶ 4.  Plaintiff alleges that her vehicle was subject to a recall at the time of her purchase to remedy a defect in the vehicle's alternator and alternator system, though Defendants sold her the car without making the necessary repairs.  (*Id*. ¶ 6.)  On June 26, 2017, while Plaintiff was driving her vehicle in Hardeman County, Tennessee, the vehicle suddenly and without warning burst into flames.  (*Id*. ¶ 10.)  Plaintiff alleges that the fire was caused by the defective alternator in her car.  (*Id*. ¶ 12.)  Plaintiff seeks $200,000.00 in damages for her physical injuries and the damage to her automobile, all caused by the defective alternator.  (*Id*. ¶ 15.)

Plaintiff served Defendant SAI Irondale Imports, LLC ("SAI Irondale") on October 10, 2018, and Defendant filed its Answer (ECF No. 18) denying the allegations of the Complaint on November 20, 2018.  The Court entered a complex track scheduling order (ECF No. 22) on December 6, 2018, and set this matter for trial to commence August 24, 2020.  In the Motion before the Court, SAI Irondale seeks judgment on the pleadings, arguing that as a mere seller of the allegedly defective product, Plaintiff cannot hold it liable for her injuries under Tennessee law. SAI Irondale relies for support on Tenn. Code Ann. § 29–28–106, which precludes any liability against the seller of a product unless certain exceptions apply.  SAI Irondale contends that in the absence of any allegation that it was the manufacturer of the allegedly defective vehicle or its alternator, Plaintiff cannot hold it liable under the Tennessee Products Liability Act.  Moreover, without some allegation to establish one of the exceptions found in Tenn. Code Ann. § 29–28– 106, Defendant is entitled to judgment as a matter of law on the allegations in the Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings may be granted where the moving party "is entitled to

judgment as a matter of law." *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010). Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all allegations as true." *Jackson v. City of Cleveland*, 920 F.3d 340, 352 (6th Cir. 2019). A pleading's factual allegations must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a Rule 12(c) motion, nor are recitations of the elements of a cause of action sufficient. *Marais v. Chase Home Finance LLC*, 736 F.3d 711, 713 (6th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the factual allegations in a pleading need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bullington v. Bedford Cnty., Tenn.*, 905 F.3d 467, 469 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678)).

## ANALYSIS

Viewing the allegations of the pleadings in a light most favorable to Plaintiff, the Court holds that Plaintiff has failed to plead enough facts to show that SAI Irondale is liable for any alleged defect in her automobile. As a threshold matter, the Court must determine which state's substantive law should apply to Plaintiff's claims against SAI Irondale. The Court has jurisdiction

in this case under 28 U.S.C. § 1332(a) based on the parties' diversity of citizenship and the amount in controversy. In a diversity case, the Court applies the procedural law of the forum state, including its choice-of-law rules, to determine the governing substantive law. *See e.g., Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003); *AutoZone, Inc. v. Glidden Co*., 737 F. Supp. 2d 936, 941 (W.D. Tenn. 2010). "Tennessee follows the 'most significant relationship' approach of the Restatement (Second) of Conflict of Laws to choice-of-law questions." *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009) (citing *Hataway v. McKinley,* 830 S.W.2d 53, 59 (Tenn. 1992)). In tort actions, Tennessee courts apply the "law of the state where the injury occurred . . . unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties." *Hataway*, 830 S.W.2d at 59 (quoting Restatement (Second) of Conflict of Laws §§ 146 & 175 (1971)).

For purposes of SAI Irondale's Rule 12(c) Motion, the Court will apply Tennessee substantive law. The Complaint alleges that Plaintiff's injury occurred in Hardeman County, Tennessee. Under Tennessee choice-of-law rules, Tennessee substantive law should apply unless another state has a more significant relationship to the case. It is true that the Complaint alleges that Plaintiff purchased her vehicle from Defendants Tom Williams BMW and SAI Irondale in Birmingham, Alabama, and that both Defendants are Alabama business organizations. Nevertheless, SAI Irondale has briefed Tennessee substantive law and has not otherwise argued that Alabama has a more significant relationship to this dispute. Under the circumstances, the Court will assume without deciding that Tennessee law, specifically the Tennessee Products Liability Act ("TPLA"), applies.

The TPLA governs "products liability actions" in Tennessee, *Strayhorn v. Wyeth*

*Pharmaceuticals, Inc.*, 737 F.3d 378, 392 (6th Cir. 2013), and defines such actions to include "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29–28–102(6). The TPLA also defines "product liability actions" to include, without limitation, actions premised on any of the following theories of relief: "strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; or under any other substantive legal theory in tort or contract whatsoever." *Id*.

Both of Plaintiff's claims against SAI Irondale undoubtedly fall within the broad ambit of the TPLA. Count One of the Complaint alleges that SAI Irondale is liable under a products liability theory for placing a defective auto "into the stream of commerce." Compl. ¶ 18. Count Two of the Complaint seeks to hold SAI Irondale liable under a theory of common law negligence for its failure "to make necessary repairs" to the BMW before selling the car to Plaintff. *Id*. ¶ 31. Each cause of action meets the TPLA's sweeping definition of a "products liability action."

The next question presented then is whether the TPLA imposes liability on SAI Irondale for Plaintiffs' injuries. The TPLA distinguishes between the "manufacturer" of a product and the "seller" of a product. A "manufacturer" is "the designer, fabricator, producer, compounder, processor or assembler" of the product or any of its "component parts." Tenn. Code Ann. § 29–28–102(4). A "seller" is "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption . . . ." § 29–28–102(7). The Court construes the Complaint to allege that SAI

Irondale was a seller of the defective BMW, not the manufacturer. The Complaint clearly alleges that SAI Irondale is an "auto dealership" and that Plaintiff purchased her BMW from SAI Irondale. Compl. ¶¶ 3, 4. The Complaint also alleges that SAI Irondale "placed the defective products into the stream of commerce *by selling* [the BMW with the faulty alternator] to the Plaintiff." *Id.* ¶ 18 (emphasis added). Perhaps more important, the Complaint alleges that BMW North America, LLC was the manufacturer of Plaintiff's car. *See* Compl. ¶ 5 ("The 2010 BMW 528i Sedan purchased by the Plaintiff on August 5, 2015 was manufactured and placed into the stream of commerce by Defendant BMW of North America, LLC."); ¶ 17 ("That at the time that Defendant BMW of North America, LLC manufactured and placed the 2010 BMW 528i Sedan which the Plaintiff purchased [sic] this motor vehicle was defective . . . .").

Viewing these allegations in the light most favorable to Plaintiff, the Complaint alleges that SAI Irondale was a "seller" for purposes of the TPLA. SAI Irondale's status as a seller means Plaintiff cannot hold this Defendant liable in her products liability action. The TPLA strictly limits the liability of a "seller" of a defective product. Under Tenn. Code Ann. § 29–28–106, "No product liability action, as defined in § 29–28–102, shall be commenced or maintained against any seller, other than the manufacturer . . . ." Tenn. Code Ann. § 29–28–106. [1] Plaintiff cannot hold SAI Irondale liable under Tennessee law, either for an alleged defect in the product or for its negligence in failing to repair or cure the defect, if SAI Irondale was only a "seller" of the BMW. As a result,

---

[1] The Tennessee Supreme Court has noted that the current version of Tenn. Code Ann. § 29–28–106, which took effect October 1, 2011, "varies substantially" from the prior version's limitations on the liability of a "seller." *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 755 (Tenn. 2015). In fact, much of the case law on the TPLA concerns the earlier version of the Act, which contained more exceptions to the general limitation on a seller's liability. The Court need not consider this earlier precedent. The current version of the TPLA applies to SAI Irondale's Rule 12(c) Motion because the Complaint alleges that Plaintiff purchased her car from SAI Irondale in 2015, after the 2011 amendments to the Act took effect.

SAI Irondale is entitled to judgment as a matter of law as to Plaintiff's products liability claims unless some other allegation in the Complaint shows that an exception to Tennessee's limitation on seller liability might apply.

Tenn. Code Ann. § 29–28–106 broadly precludes any product liability claim against a seller but then goes on to list a series of exceptions to the rule. Under this section, a seller cannot escape liability for an alleged defect in a product if any of the following apply:

> (1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
> (2) Altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
> (3) The seller gave an express warranty as defined by title 47, chapter 2;
> (4) The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or
> (5) The manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29–28–106.

Courts applying Tenn. Code Ann. § 29–28–106 and its bar on seller liability have granted sellers' Rule 12(b)(6) and 12(c) motions where a plaintiff alleged a products liability claim against the seller but failed to allege any facts to establish one of § 29–28–106's exceptions. *Greer v. Motion Water Sports, Inc.*, No. 3:17-cv-1013, 2018 WL 1907449, at *4 (M.D. Tenn. Apr. 23, 2018) (granting a seller's Rule 12(b)(6) motion to dismiss where the pleadings included no facts to show that any of § 29–28–106's exceptions applied); *Cook by and Through Cook v. Pep Boys-Manny, Moe & Jack, Inc.*, No. 1:09-cv-06, 2010 WL 11636185, at *2 (E.D. Tenn. Apr. 2, 2010) (same); *see also Walls v. Rooto Corp.*, No. 1:17-cv-226, 2017 WL 10647376, at *3 (E.D. Tenn. Nov. 17, 2017) (granting a seller's Rule 12(c) motion where the complaint alleged no facts to show that any of § 29–28–106's exceptions applied).

Even construing the factual allegations liberally in Plaintiff's favor, the Court holds that the Complaint alleges no facts to establish any of § 29–28–106's exceptions or otherwise to show why SAI Irondale is liable to Plaintiff. Plaintiff just alleges that SAI Irondale knew about the recall on her vehicle and its faulty alternator but sold Plaintiff the car anyway without taking any corrective action. These allegations do not plausibly show that SAI Irondale is liable to Plaintiff as a seller for a defect in her automobile for purposes of the TPLA.

## CONCLUSION

For all of these reasons, the Court holds that SAI Irondale is entitled to judgment on the pleadings. Therefore, the Rule 12(c) Motion is **GRANTED**, and Plaintiff's claims against SAI Irondale are hereby dismissed.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 31, 2019.