# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| BRENDA WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 18-cv-1110-STA-jay |
| ) | |
| TOM WILLIAMS BMW f/k/a ) | |
| TOM WILLIAMS BMW PORSCHE ) | |
| AUDI, INC.; SAI IRONDALE ) | |
| IMPORTS, LLC; and ) | |
| BMW OF NORTH AMERICA, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Before the Court is Defendant BMW of North America, LLC's Motion for Summary Judgment (ECF No. 35) filed on April 30, 2019. Plaintiff Brenda Woods has filed a response in opposition, and BMW of North America has filed a reply. For the reasons set forth below, the Motion is **DENIED** without prejudice.

## BACKGROUND

Plaintiff filed suit on June 26, 2018, alleging Tennessee Products Liability Act ("TPLA") claims against Defendants Tom Williams BMW f/k/a Tom Williams BMW Porsche Audi, Inc.; SAI Irondale Imports, LLC; and BMW of North America, LLC.[1] According to her Complaint, Plaintiff purchased a 2010 BMW 528i sedan from Tom Williams BMW and SAI Irondale Imports,

---

[1] The Complaint does not specify that its claims are made pursuant to the TPLA. However, the parties' briefs assume that the substantive law of Tennessee and specifically the TPLA applies in this case. Just as it did in deciding Defendant SAI Irondale's motion for judgment on the pleadings, the Court will assume without deciding that the parties are correct and that the TPLA governs their dispute.

LLC on August 5, 2015. (Compl. ¶ 4.) Plaintiff alleges that her vehicle was subject to a recall at the time of her purchase to remedy a defect in the vehicle's alternator and alternator system, though Defendants sold her the car without making the necessary repairs. (*Id*. ¶ 6.) On June 26, 2017, while Plaintiff was driving her vehicle in Hardeman County, Tennessee, the vehicle suddenly and without warning burst into flames. (*Id*. ¶ 10.) Plaintiff alleges that the fire was caused by the defective alternator in her car. (*Id*. ¶ 12.) Plaintiff seeks $200,000.00 in damages for her physical injuries and the damage to her automobile, all caused by the defective alternator. (*Id*. ¶ 15.)

BMW of North America now seeks judgment as a matter of law on the Tennessee products liability claims against it. In support of its Motion for Summary Judgment, BMW of North America has asserted that three facts are undisputed for purposes of Rule 56. BMW of North America imported Plaintiff's 2010 BMW 528i into the United States and distributed the vehicle to an independent BMW dealer. (Def.'s Statement of Fact ¶ 1.) Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") designed and manufactured the 2010 BMW 528i in Germany. (*Id*. ¶ 2.) BMW of North America did not design or manufacture Plaintiff's 2010 BMW 528i. (*Id*. ¶ 3.)[2] Based on the fact that BMW of North America was not the manufacturer of Plaintiff's automobile, Defendant argues that it does not meet the TPLA's definition of a "manufacturer" and that Plaintiff cannot hold it liable for any defect in the car under the TPLA.

---

[2] To support each of its contentions, BMW of North America relies on the Preliminary Statement in its responses and objections to Plaintiff's First Set of Interrogatories. *See* Def.'s Responses to Pl.'s First Set of Interrog. 2 (ECF No. 35-1). BMW of North America's interrogatory responses include the unsworn declaration of Mark Yeldham under 28 U.S.C. § 1746, affirming that he was authorized to make the verification and that the facts contained in the discovery responses are based on "the composite knowledge of agents and employees of BMW of North America, LLC." *Id*. at 21. The declaration contains the following attestation clause: "Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *Id*. The Court discusses the Yeldham declaration more fully below.

Plaintiff has responded in opposition, arguing that a genuine dispute exists over whether BMW of North America was "the manufacturer." Plaintiff cites evidence that BMW of North America issued the recall notice for her car over the alleged defect in the alternator. According to Plaintiff, the Federal Motor Vehicle Safety Act defines a "manufacturer" to include importers or distributors of a vehicle like BMW of North America. Plaintiff contends then that a genuine dispute exists over whether BMW of North America was the manufacturer of her 2010 BMW 528i.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the "judge may not make credibility determinations or weigh the evidence." *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). The question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party

is entitled to a verdict. *Anderson*, 477 U.S. at 252. In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

Without reaching the merits of the parties' legal arguments, the Court first holds that BMW of North America has failed to support its fact contentions with competent proof for purposes of summary judgment. Rule 56(c)(1) permits a moving party to support any assertion by "citing to particular parts of materials in the record, including . . . interrogatory answers . . . ." Fed. R. Civ. P. 56(c)(1); *see also Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir. 2009). In this case BMW of North America cites its responses to Plaintiff's first set of interrogatories as evidentiary support and has made its interrogatory responses an exhibit to its Motion. In a preliminary statement to its responses, BMW of North America asserted that it was the importer and distributor of Plaintiff's auto, but not the manufacturer. The distinction matters, because as BMW of North America correctly argues, under the TPLA, an importer or distributor is a "seller," as the Act defines the term, and not a "manufacturer." The TPLA strictly limits the liability of the "seller" of a defective product.

The problem, however, lies in BMW of North America's presentation of the proof. Federal Rule of Civil Procedure 33(b) requires that an officer or agent of a business organization answer interrogatories based on information available to the company and sign them. Fed. R. Civ. P. 33(b)(1)(B) & (5). And in the summary judgment context, the proponent of an interrogatory

4

response must verify the information contained in the response by affidavit or declaration. *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 569 (6th Cir. 2014) (citing *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010)). Rule 56(c)(4) sets out the requirements for affidavits and declarations used to support a motion for summary judgment: both "must be made on *personal* knowledge, set out facts that would be admissible in evidence, and *show* that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (emphasis added).

Here BMW of North America attached to its interrogatory responses the unsworn declaration of Mark Yeldham. While Yeldham's declaration facially satisfies the requirements of 28 U.S.C. § 1746, the declaration does not meet all of the requirements of Rule 56(c)(4). *See Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 343 (6th Cir. 2012) (describing 28 U.S.C. § 1746 as permitting unsworn declarations in lieu of affidavits where the declarations "are made under penalty of perjury, certified as true and correct, dated, and signed"). Yeldham's declaration is not made on Yeldham's personal knowledge but on "the composite knowledge of agents and employees of BMW of North America, LLC." Furthermore, Yeldham states that he is competent to testify on the information contained in the interrogatory responses but does not actually show why he is competent. In fact, Yeldham's declaration does nothing to identify him in anyway. Without these particular showings, the Yeldham declaration does not meet the requirements of Rule 56. Therefore, the Court concludes that BMW of North America has not come forward with competent proof for its contention that it was not the "manufacturer" of Plaintiff's BMW and so is not entitled to summary judgment.

## CONCLUSION

The Motion for Summary Judgment is **DENIED** without prejudice to raise the issue in a subsequent dispositive motion.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date:   September 12, 2019.