IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-cv-1110-STA-jay |
| | ) | |
| TOM WILLIAMS BMW f/k/a | ) | |
| TOM WILLIAMS BMW PORSCHE | ) | |
| AUDI, INC.; SAI IRONDALE | ) | |
| IMPORTS, LLC; and | ) | |
| BMW OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

The Tennessee Products Liability Act defines "manufacturers" and "sellers" and strictly limits the liability of the "seller" of a defective product. Defendant BMW of North America, LLC argues that it was merely the "seller" of Plaintiff Brenda Woods's allegedly defective 2010 BMW 528i sedan and cannot be liable to her for defects in her car. The Court agrees and therefore **GRANTS** BMW of North America's Motion for Summary Judgment (ECF No. 42).

### BACKGROUND

Plaintiff filed suit on June 26, 2018, alleging Tennessee Products Liability Act ("TPLA") claims against Defendants Tom Williams BMW f/k/a Tom Williams BMW Porsche Audi, Inc.; SAI Irondale Imports, LLC; and BMW of North America, LLC.[1] According to her Complaint,

---

[1] The Complaint does not specify that its claims are made pursuant to the TPLA. However, the parties' briefing throughout the case has assumed that the substantive law of Tennessee and specifically the TPLA applies to Plaintiff's claims. Just as it has in deciding other dispositive motions in this case, the Court will assume without deciding that the parties are correct and that the TPLA governs their dispute.

Plaintiff purchased a 2010 BMW 528i sedan from Tom Williams BMW and SAI Irondale Imports, LLC on August 5, 2015. Compl. ¶ 4. Plaintiff alleges that her vehicle was subject to a recall at the time of her purchase to remedy a defect in the vehicle's alternator and alternator system and that Defendants sold her the car without making the necessary repairs. (*Id*. ¶ 6.) On June 26, 2017, while Plaintiff was driving her vehicle in Hardeman County, Tennessee, the vehicle suddenly and without warning burst into flames. (*Id*. ¶ 10.) Plaintiff alleges that the fire was caused by the defective alternator in her car. (*Id*. ¶ 12.) Plaintiff seeks $200,000.00 in damages for her physical injuries and the damage to her automobile, all caused by the defective alternator. (*Id*. ¶ 15.)

BMW of North America now seeks judgment as a matter of law on the Tennessee products liability claims against it.[2] In support of its Motion for Summary Judgment, BMW of North America has asserted that three facts are undisputed for purposes of Rule 56. BMW of North America imported Plaintiff's 2010 BMW 528i into the United States and distributed the vehicle to an independent BMW dealer. (Def.'s Statement of Fact ¶ 1.) Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") designed and manufactured the 2010 BMW 528i in Germany. (*Id*. ¶ 2.) BMW of North America did not design or manufacture Plaintiff's 2010 BMW 528i. (*Id*. ¶ 3.) Based on the fact that BMW of North America was not the manufacturer of Plaintiff's automobile, Defendant argues that it does not meet the TPLA's definition of a "manufacturer" and that Plaintiff cannot hold it liable for any defect in the car under the TPLA.

Plaintiff has not responded to BMW of North America's statement of facts. The Local Rules of Court give a non-moving party twenty-eight (28) days to respond to a motion for summary

---

[2] BMW of North America's Motion is actually a renewed Rule 56 Motion. The Court denied BMW of North America's initial motion for summary judgment without prejudice for failure to offer competent proof on all of the material facts it used to support its request for judgment as a matter of law. See Order Denying Def.'s Mot. for Summ. J. Sept. 12, 2019 (ECF No. 41).

judgment. Local R. 56.1(b). Plaintiff had until October 18, 2019, to file a written response to BMW of North America's Motion. Local Rule 56.1(d) provides that a party's failure to make a timely response to a statement of material fact indicates to the Court that the fact is undisputed. Local R. 56.1(d); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."). The Court would note that Plaintiff did respond in opposition to BMW of North America's initial Rule 56 motion and argued that a genuine dispute existed over whether BMW of North America was "the manufacturer" of her car. Plaintiff cited evidence that BMW of North America issued the recall notice for her car over the alleged defect in the alternator. According to Plaintiff, the Federal Motor Vehicle Safety Act defines a "manufacturer" to include importers or distributors of a vehicle like BMW of North America.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). The Supreme Court has stated that "[t]hough

3

determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court does not engage in "jury functions" like "credibility determinations and weighing the evidence." *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019) (citing *Anderson*, 477 U.S. at 255). Rather, the question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252. In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## **ANALYSIS**

Viewing the evidence in a light most favorable to Plaintiff, the Court holds that BMW of North America is entitled to judgment as a matter of law on Plaintiff's TPLA claim. Plaintiff cannot prove that BMW of North American satisfies the TPLA's statutory definition of a "manufacturer." The TPLA governs "products liability actions" in Tennessee, *Strayhorn v. Wyeth Pharmaceuticals, Inc*., 737 F.3d 378, 392 (6th Cir. 2013), and broadly defines such actions to include claims of the sort Plaintiff makes against BMW of North America. *See* Tenn. Code Ann. § 29–28–102(6). For example, Count One of the Complaint alleges that BMW of North America

is liable under a products liability theory for manufacturing and placing a defective auto "into the stream of commerce." Compl. ¶¶ 17, 18. Count Two of the Complaint seeks to hold BMW of North America liable under a theory of common law negligence for its failure to manufacture a "defect free" vehicle. *Id*. ¶¶ 31, 32. Each cause of action easily meets the TPLA's sweeping definition of a "products liability action."

The real dispute at summary judgment is whether Plaintiff can hold BMW of North America liable under the TPLA as the "manufacturer" of her car. The TPLA distinguishes between the "manufacturer" of a product and the "seller" of a product. Under Tenn. Code Ann. § 29–28–106, "No product liability action, as defined in § 29–28–102, shall be commenced or maintained against any seller, other than the manufacturer . . . ." Tenn. Code Ann. § 29–28–106.[3] In other words, Plaintiff cannot hold BMW of North America liable under Tennessee law, if BMW of North America was only a "seller" of the BMW. The TPLA defines a "manufacturer" as "the designer, fabricator, producer, compounder, processor or assembler" of the product or any of its "component parts." Tenn. Code Ann. § 29–28–102(4). A "seller" is "a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption . . . ." § 29–28–102(7).

BMW of North America has come forward with unrefuted proof that it imported and

---

[3] The Tennessee Supreme Court has noted that the current version of Tenn. Code Ann. § 29–28–106, which took effect October 1, 2011, "varies substantially" from the prior version's limitations on the liability of a "seller." *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 755 (Tenn. 2015). In fact, much of the case law on the TPLA concerns the earlier version of the Act, which contained more exceptions to the general limitation on a seller's liability. The Court need not consider this earlier precedent. The current version of the TPLA applies in this case because Plaintiff suffered the alleged injury in 2017, after the 2011 amendments to the Act took effect. A products liability claim under Tennessee law accrues "on the date of the personal injury, not the date of the negligence or the sale of a product." Tenn. Code Ann. § 28–3–104(b)(1).

distributed Plaintiff's BMW but did not manufacture the car. For purposes of the TPLA, BMW of North America's activities as an importer and distributor make it a "seller," as the Act defines the term, and not a "manufacturer." Therefore, BMW of North America is entitled to judgment as a matter of law on Plaintiff's products liability claims unless Plaintiff can show that a genuine dispute exists about BMW of North America's status as the "manufacturer" of the car.

Plaintiff cites the fact that BMW of North America transmitted notice to her of a recall on her car and that under the NMVSA, only a "manufacturer" has such a duty. The federal statute defines a "manufacturer" as "a person manufacturing or assembling motor vehicles or motor vehicle equipment; or importing motor vehicles or motor vehicle equipment for resale." 49 U.S.C. § 30102(a)(6). Clearly, the NMVSA goes further than the TPLA and includes importers in its definition of a "manufacturer." There is no genuine dispute that BMW of North America imported Plaintiff's vehicle, so it is not surprising then that BMW of North America notified Plaintiff of the recall on her BMW. But just because a party meets one statute's definition of a "manufacturer," it in no way follows that the same party will meet an entirely separate statute's definition of "manufacturer." Plaintiff's argument is ultimately unconvincing.

And Plaintiff has adduced no evidence to show any of the TPLA's exceptions to the limitation on seller liability applies in this instance. Tenn. Code Ann. § 29–28–106 broadly precludes any product liability claim against a seller but then goes on to list a series of exceptions to the rule. Under this section, a seller cannot escape liability for an alleged defect in a product if any of the following apply:

> (1) The seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm for which recovery of damages is sought;
> (2) Altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;
> (3) The seller gave an express warranty as defined by title 47, chapter 2;

6

> (4) The manufacturer or distributor of the product or part in question is not subject to service of process in this state and the long-arm statutes of Tennessee do not serve as the basis for obtaining service of process; or
> (5) The manufacturer has been judicially declared insolvent.
>
> Tenn. Code Ann. § 29–28–106.

There is no proof in the record to show that any of these exceptions apply to BMW of North America.

Finally, BMW of North America's proof about its role as an importer and distributor, and not as a manufacturer, is consistent with other federal cases, noting as a factual matter that BMW of North America was the distributor or importer of BMW automobiles that BMW AG manufactured in Germany. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 563 (1996) (noting that BMW of North America (BMW) was "the American distributor of BMW automobiles"); *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 513 (6th Cir. 2008) (referring to "BMW of North America, Inc." as "a BMW distributor" and "Bayerische Motoren Werk Aktiengesellschaft (BMW AG)" as "the manufacturer"); *Ferguson v. Bayerische Motoren Werke, A.G.*, 880 F.2d 360, 360 (11th Cir. 1989) (stating that a BMW was "manufactured by Bayerische Motoren Werke, A.G. and distributed by BMW of North America, Inc."); *Great Northern Ins. Co. v. BMW of N. Am. LLC*, 84 F.Supp.3d 630, 632 (S.D. Ohio 2015) ("BMW AG designed and manufactured the vehicle. BMW NA played no role in the design or manufacture of the vehicle, but merely distributed the vehicle."). None of these cases addressed the precise issue presented under the TPLA. The Court simply notes this line of authority and finds that it offers some additional support for BMW of North America's showing here that it had no role in the manufacture of Plaintiff's BMW.

## CONCLUSION

For all of these reasons, the Court holds that BMW of North America is entitled to judgment as a matter of law. Therefore, the Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims against BMW of North America are hereby dismissed.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

        Date: November 8, 2019.